**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
Email: aml@lagomarsinolaw.com
*Attorney for Plaintiff Mitchell Crooks*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MITCHELL CROOKS, individually

        Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE OFFICER CHRIS EDMUNDS, individually; LAS VEGAS METROPOLITAN POLICE OFFICER JUSTIN LEFLER, individually; LAS VEGAS METROPOLITAN SERGEANT ANDREW BAUMAN, individually,

        Defendants.

CASE NO:

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff, MITCHELL CROOKS, individually, by and through his attorney ANDRE M. LAGOMARSINO, ESQ., of LAGOMARSINO LAW, and hereby files the following Complaint with this Honorable Court.

## INTRODUCTION

1. This civil rights and state tort action seeks general and compensatory damages from Defendants for violating various rights guaranteed under the United States Constitution and Nevada State laws in connection with unlawful and unconstitutional actions of the Defendants on the night of November 10, 2017.

. . .

. . .

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone (702) 383-2864    Facsimile (702) 383-0065

**JURISDICTION AND VENUE**

2.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §1983 and 1986, the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of Nevada.  Jurisdiction is based upon 28 U.S.C. §1331. This Court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. §1367.

3.     Venue in this District is proper because all facts plead and all acts and omissions giving rise to this Complaint occurred in Clark County, Nevada in the District of Nevada.

**PARTIES TO THIS ACTION**

4.     At all times relevant herein, Plaintiff, Mitchell Crooks ("Plaintiff") was a resident of Clark County, Nevada, over 18 years of age, and subject to the unlawful actions of Defendants as described herein.

5.     At all times relevant herein, Defendant SERGEANT ANDREW BAUMAN (hereinafter "Sergeant Bauman") was employed as a Sergeant with Metro. Bauman is a United States citizen and, upon information and belief, a resident of Clark County, Nevada. Bauman is being sued individually and in his official capacity.

6.     At all times relevant herein, Defendant OFFICER CHRIS EDMUNDS (hereinafter "Officer Edmunds") was employed as a police officer with Metro. Edmunds is a United States citizen and, upon information and belief, a resident of Clark County, Nevada. Edmunds is being sued individually and in his official capacity.

7.     At all times relevant herein, Defendant OFFICER JUSTIN LEFLER (hereinafter "Officer Lefler") was employed as a police officer with Metro. Lefler is a United States citizen and, upon information and belief, a resident of Clark County, Nevada. Lefler is being sued individually and in his official capacity.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone (702) 383-2864    Facsimile (702) 383-0065

8. At all times relevant herein, all of the actions Metro defendants Sergeant Bauman and Officer Edmunds and Lefler were performed under color of state law and pursuant to their authority as police officers.

### ALLEGATIONS COMMON TO ALL CLAIMS

9. Paragraphs 1 through 8 are hereby specifically included and incorporated as though fully set forth herein.

10. On the night of November 10, 2017, around 7:45 pm, Plaintiff was riding his bike across the street of the Convention Center Area Command Substation, located at near the bus stop at 3380 Swenson St. Las Vegas, Nevada, 89169. Plaintiff was filming on his GoPro and cell phone pertaining to Metro with Tom "Zebra" (hereinafter "Tom") for a YouTube channel.

11. Prior to their first engagement with Plaintiff, Officer Edmunds and Lefler first stopped their patrol car to talk with Tom, who was filming the outside of the substation. Officer Edmunds and Lefler asked Tom why he was filming the substation and started a conversation with him. Tom told police he was filming for his YouTube channel and that he had every right to film them. After roughly ten (10) minutes, Officer Lefler took down his name as they got back in their patrol car. Plaintiff had been filming the police encounter with Tom from a short distance away.

12. Officer Edmunds and Lefler circled around in their patrol car and then began to question Plaintiff for the first time. Plaintiff told Officer Edmunds and Lefler he was doing a story and asked if he was being detained, which Officer Edmunds responded that he was not. Plaintiff then began to walk away down the street with his bike in between his legs.

13. At this time, other officers from Metro began to watch the encounter from across the street in parking garage at the substation.

. . .

. . .

. . .

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

14. Moments later, Sergeant Bauman called over the radio and told Officer Edmunds and Lefler to stop Plaintiff under the pretext of having no white headlamp visible at night for five-hundred (500) feet.

15. Officer Edmunds sprinted down the street towards Plaintiff in a hostile manner. Now, in a completely different and forceful tone, Officer Edmunds asked Plaintiff, "Do you mind if I ask you another question?" and Plaintiff began asking Officer Edmunds if there was a crime he was committing, to which Officer Edmunds did not reply.

16. Instead, Officer Edmunds charged at Plaintiff who was sitting on his bike that was barely moving and got in his face. In no way was Plaintiff trying to ride away. Officer Edmunds then forcefully grabbed the Plaintiff and threw him off the bike, violently slamming him to the ground. While on the ground, Officer Edmunds punched Plaintiff in the face and shoved his head into the ground.

17. As Officer Edmunds was violently slamming Plaintiff to the ground, Officer Lefler as well other officers from across the street at the substation began to run toward the incident that was taking place with Plaintiff. None of these officers did anything to stop Officer Edmunds from continuing to violently hold Plaintiff on the ground. In fact, Officer Lefler assisted in maintaining control of Plaintiff's arms, which was clearly unnecessary as Plaintiff was more than compliant after being slammed down by Officer Edmunds.

18. As Plaintiff was held on the ground, he asked officers, "Why are you doing this?" Plaintiff also continued asked what crime he committed. None of the officers present gave him any answer.

19. As a result of Officer Edmunds's unprovoked attack on Plaintiff, Plaintiff was transported to University Medical Center ("UMC"), where he suffered a broken nose, left jaw pain, a headache, and cuts all over his body. Further, this attack has caused Plaintiff to experience nervousness, anxiety, and sleepless nights.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone (702) 383-2864    Facsimile (702) 383-0065

20.     As a result of Officer Edmunds's unprovoked attack on Plaintiff, Plaintiff's GoPro, which was attached to his chest, was severely dented and broken due to the amount force used by Officer Edmunds in slamming Plaintiff down.

21.     Plaintiff had the right to photograph, videotape, and audiotape the police during the events that took place on the night of the incident.

22.     This is not the first incident where Plaintiff has been a victim of Metro's officers. On March 20, 2011, Plaintiff was beaten by Metro Officer Derek Colling when he stopped and questioned Plaintiff in the driveway of the home where Plaintiff was residing and refused to comply with the unlawful order by Officer Colling to put his camera down.

## FIRST CLAIM FOR RELIEF

*(Unreasonable Search and Seizure – Excessive Force violation of 4th Amendment and 14th Amendment 42 U.S.C § 1983)*

*(Plaintiff Against All Defendants)*

23.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 22 as if fully set forth herein.

24.     42 U.S.C § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

25.     Plaintiff was unlawfully stopped. The individual Defendants, and each of them, acted under color of law in the beating of the Plaintiff and failing to intervene to prevent the constitutional violations from taking place, without lawful justification, subjecting the Plaintiff to excessive force, therefore depriving Plaintiff of certain constitutionally protected rights, including but not limited to:

a.  The right not to be deprived of liberty or property without the due process of law as guaranteed by the Fourth and/or Fourteenth Amendments of the United States Constitution;

b.  The right to be free from use of excessive force by law enforcement officers as guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution; and

c.  The right to be free from pre-conviction punishment as guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

26.  That as the proximate result of the Defendants' wrongful and unlawful conduct as alleged herein, Plaintiff suffered physical injuries and pain and suffering.

27.  That the wrongful and unlawful acts perpetrated by the Defendants, and each of them, were performed with a disregard of the well-established and constitutionally protected rights of Plaintiff.

28.  Plaintiff had a firmly established right under the Fourth Amendment to be free from unreasonable physical abuse, assault, and battery. Plaintiff had a firmly established right to be free from excessive force; to be free from imposition of summary punishment without due process of law; and to be free from the imposition of cruel and unusual punishment.

29.  On November 10, 2017, Plaintiff posed no threat to the Defendants before, during, and after he was violently slammed to the ground and beaten.

30.  At all times relevant herein, Defendants Sergeant Bauman, Officer Edmunds, and Officer Lefler were performing their duties as officers for Metro.

31.  During the relevant period, the Defendants were acting under color of law, to wit: under color of statutes, ordinances, regulations, customs and usages of the State of Nevada. Defendants, and each of them, behaved in a manner that shocked the conscience. As a result of their misconduct, the Defendants are all liable to the Plaintiff for the injuries and damages, either because they were integral participants in the beating of Plaintiff or because they failed to intervene to prevent the constitutional violations inflicted upon Plaintiff.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

32. Plaintiff was subjected to humiliation, fear, physical injury, and pain and suffering by the illegal acts of Defendants and is entitled to compensatory damages.

33. As a result of Defendants' actions, it has been necessary for Plaintiff to retain an attorney to prosecute this action. Defendants should be required to pay reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### *(Violation of 42 U.S.C. § 1986 - Failure to Intervene)*

### *(Against All Defendants)*

34. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 33 as if fully set forth herein.

35. On November 10, 2017, each Defendant, including Officer Lefler, knew and understood Plaintiff was being subjected to deprivation of his constitutional rights and were in the position and had the duty and authority to prevent and intervene to prevent the wrongdoing committed against Plaintiff by Defendants.

36. By virtue of the foregoing, each Defendant violated 42 U.S.C. § 1986.

37. As direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and is entitled to damages as recited herein.

38. Plaintiff is also entitled to award of attorneys fees pursuant to 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF

### *(Negligence - Against All Defendants)*

39. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 38 as if fully set forth herein.

. . .

. . .

LAGOMARSINO LAW

3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

40.     At all times herein, all individual Defendants were subject to a duty of care to act reasonably and to avoid causing unnecessary physical harm and distress to citizens in the exercise of their police function. The conduct of the individual Defendants as set forth herein did not comply with the standard of care to be exercised by police officers. The Defendants breached their duty to act reasonably as described herein.

41.     The actions and inactions of all individual Defendants were negligent and reckless, including but not limited to:

a.   the failure to properly and adequately assess the need for use of force against Plaintiff; and

b.   the negligent use of excessive force against Plaintiff.

42.     As a direct and proximate result of Defendants' negligence as herein alleged, Plaintiff has been damaged in an amount in excess of $15,000.00, the exact amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### *(Battery –Against All Defendants)*

43.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 42 as if fully set forth herein.

44.     Defendants intentionally inflicted harmful and/or offensive bodily contact with Plaintiff.

45.     As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount in excess of $15,000.00, the exact amount to be proven at trial.

. . .

. . .

. . .

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants as follows:

1. For judgment in favor of Plaintiff on all counts;

2. For compensatory damages according to proof;

3. For pre- and post-judgment interest at the maximum legal rate;

4. For reasonable attorneys fees and litigation costs;

DATED this 12th day of September, 2018.

LAGOMARSINO LAW

_____
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
Email: aml@lagomarsinolaw.com
*Attorney for Plaintiff Mitchell Crooks*

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff demands a trial by jury on all issues in this action.

DATED this 12th day of September, 2018.

RESPECTFULLY SUBMITTED,
LAGOMARSINO LAW

_____
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
Email: aml@lagomarsinolaw.com
*Attorney for Plaintiff Mitchell Crooks*

Page 9 of 9